# STATE OF WEST VIRGINIA

*In re* **I.W.**

**No. 19-0377** (Lewis County 18-JA-64)

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father T.M., by counsel Steven B. Nanners, appeals the Circuit Court of Lewis County's April 1, 2019, order denying his motion to modify disposition.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Hunter D. Simmons, filed a response on behalf of the child, also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion to modify disposition without holding a hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2018, the DHHR filed a child abuse and neglect petition against petitioner and I.W.'s mother. Specifically, the DHHR alleged that the mother abused drugs during her pregnancy with I.W. and that petitioner was aware of the mother's drug use and participated in drug use with her. Further, petitioner left the hospital the day after the child's birth and never returned. While petitioner did attend the preliminary hearing, he failed to attend any subsequent hearings.[2] Testimony taken at the adjudicatory hearings held in November of 2018 and January of 2019 established that petitioner was aware of the mother's substance abuse while she was pregnant with the child, failed to provide any financial support for the child, and failed to inquire about the child's health or wellbeing. As such, the circuit court adjudicated petitioner as an abusing parent. Petitioner's parental rights were ultimately terminated at a dispositional hearing held later in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner was represented by counsel at all hearings during the proceedings below.

January of 2019, based upon findings that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. The dispositional order was entered on March 11, 2019, and petitioner did not appeal this order.

In April of 2019, petitioner filed a motion to "reopen" disposition. In his motion, petitioner stated that "he did not have an effective way to communicate with Counsel or [the DHHR] and further was addicted to drugs." Petitioner asserted that since the dispositional hearing, he had "gone into in-patient treatment and it would be appropriate to permit the Dispositional hearing to be re-opened to permit such testimony and entertain [petitioner's] Motion for a Post-Adjudicatory Improvement Period." Without holding a hearing, the circuit court denied petitioner's motion, noting that this Court has previously held that termination of parental rights "completely severs the parent-child relationship, and, . . . the law no longer recognizes such person as a 'parent' with regard to the child(ren) involved in the particular termination proceeding." Syl. Pt. 4, in part, *In re Cesar L.*, 221 W. Va. 249, 654 S.E.2d 373 (2007). Because petitioner's parental rights had previously been terminated, the circuit court concluded that he lacked standing to seek modification of the dispositional order. It is from the April 1, 2019, order denying his motion to modify disposition that petitioner appeals.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying his motion to "reopen" disposition without holding a hearing. Petitioner argues that the circuit court erroneously addressed his motion to "reopen" disposition as a motion to modify disposition. According to petitioner, he was not seeking to modify disposition, but rather to reopen disposition so that he could present "additional testimony regarding the [d]isposition." He asserts that given the "remedial nature" of abuse and neglect proceedings, the circuit court should have held a hearing so that he could offer

---

[3]The mother's parental rights were also terminated during the proceedings below. The child was placed in a foster home with a permanency plan of adoption by the foster family.

testimony as to his treatment following disposition and his ability to remedy the conditions of abuse and neglect. We disagree.

Pursuant to West Virginia Code § 49-4-606(a),

[u]pon motion of *a child, a child's parent or custodian or the department* alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing pursuant to section six hundred four [§ 49-4-604] of this article and may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests.

(Emphasis added). This Court has held that

[a] final order terminating a person's parental rights, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, completely severs the parent-child relationship, and, as a consequence of such order of termination, the law no longer recognizes such person as a "parent" with regard to the child(ren) involved in the particular termination proceeding.

*Cesar L.*, 221 W. Va. at 251, 654 S.E.2d at 375, syl. pt. 4. Further,

[a] person whose parental rights have been terminated by a final order, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, does not have standing as a "parent," pursuant to [West Virginia Code § 49-4-606] to move for modification of disposition of the child with respect to whom his/her parental rights have been terminated.

*Id.* at 251, 654 S.E.2d at 375, syl. pt. 6.

Petitioner attempts to argue that his motion to "reopen" disposition was distinct from a motion to modify disposition. However, petitioner's argument is a matter of semantics. Although he claims that he was not seeking to modify disposition, his argument is disingenuous given his stated desire to present evidence for the purpose of requesting an improvement period and demonstrating his ability to "remedy the conditions of abuse and neglect." In order for the circuit court to grant petitioner an improvement period, it would have been required to vacate its order terminating his parental rights. Therefore, regardless of what petitioner claims on appeal, he sought modification of his disposition below. As shown above, a parent whose parental rights have been involuntarily terminated "does not have standing as a 'parent' . . . to move for modification of disposition." *Id.* Indeed, petitioner concedes as much in his brief on appeal, stating "[t]his Court has held that a parent that has their parental rights terminated does not have legal standing to seek a Motion to Modify Disposition." Accordingly, because petitioner's parental rights have been terminated, we find no error in the circuit court's denial of his motion to modify disposition.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 1, 2019, order is hereby affirmed.

3

                                                                              Affirmed.

**ISSUED**:  November 8, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4